UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Chapter 15 Cases |
| ESTRATEGIAS EN VALORES, S.A., | Case No. 17-16559-BKC-LMI |
| TATIANA QUINTERO BAIZ, | Case No. 17-22193-BKC-LMI |
| Debtors. | |
| _____/ | Jointly Administered |

**FOREIGN REPRESENTATIVE LUIS FERNANDO ALVARADO ORTIZ'S
NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*
(STENOGRAPHIC AND VIDEO RECORDING)**

**TO:**

StormHarbour Securities LP
c/o CT Corporation Systems, as Registered Agent
111 Eighth Avenue
New York, NY 10011

Luis Fernando Alvarado Ortiz, in his capacity as the appointed and duly-authorized foreign representative of the Colombia proceeding *Interventional Judicial Liquidation of Estrategias en Valores, S.A., et al.* and the above-captioned debtors, will examine StormHarbour Securities LP ("**StormHarbour**") under oath on **July 12, 2018**, at **10:00 a.m.**, at **RIVERO MESTRE LLP, 565 Fifth Avenue, 7th Floor, New York, NY 10017**. The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is being conducted, pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record this testimony. Under Local Rule 2004-1, no order shall be necessary. The scope of the examination is described in Bankruptcy Rule 2004.

The examinee is further requested to produce all of the documents, electronically stored information, and tangible things described in **Exhibit A** attached hereto and the accompanying Subpoena to: **Luis Salazar and Celi S. Aguilar, SALAZAR LAW, 2000 Ponce de Leon Blvd., Penthouse, Coral Gables, FL 33134**, or to submit via email to luis@salazar.law; aguilar@salazar.law, so that such documents are *received* on or before July 6, 2018.

Dated: June 20, 2018

| | |
|---|---|
| **RIVERO MESTRE LLP** | **SALAZAR LAW** |
| *Attorneys for Foreign Representative* | *Attorneys for Foreign Representative* |
| 2525 Ponce de Leon Boulevard, Suite 1000 | 2000 Ponce de Leon Boulevard |
| Miami, Florida 33134 | Penthouse Suite |
| Telephone: (305) 445-2500 | Coral Gables, Florida 33134 |
| Facsimile: (305) 445-2505 | Telephone: (305) 374-4848 |
| Emails: arivero@riveromestre.com | Facsimile: (305) 397-1021 |
| cwhorton@riveromestre.com | Emails: luis@salazar.law |
| kvillalon@riveromestre.com | aguilar@salazar.law |
| ddaponte@riveromestre.com | |
| /s/ Andrés Rivero | /s/ Luis Salazar |
| ANDRÉS RIVERO | LUIS SALAZAR |
| Florida Bar No. 613819 | Florida Bar No. 147788 |
| CHARLES WHORTON | New York Bar Reg. No. 2574762 |
| Florida Bar No.: 46894 | CELI S. AGUILAR |
| KIRK VILLALÓN | Florida Bar No. 117589 |
| Florida Bar No. 125157 | |
| DAVID DAPONTE | |
| Florida Bar No. 1002724 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof, via transmission of Notices of Electronic Filing generated by CM/ECF or via first class U.S. mail, postage prepaid, and via hand-delivery on the examinee, as indicated thereon.

                                                  */s/ Luis Salazar*
                                                  Luis Salazar

## SERVICE LIST

**Hand Delivery List**

- **StormHarbour Securities LP**
  c/o CT Corporation Systems, as Registered Agent
  111 Eighth Avenue
  New York, NY 10011

**Electronic Mail Notice List**

- **David L DaPonte**   ddaponte@riveromestre.com
- **Michael C Fasano**   mfasano@fasanolawfirm.com
- **Michael A. Frank**   pleadings@bkclawmiami.com, bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com
- **Jeremy J Hart**   jhart@bastamron.com, mdesvergunat@bastamron.com;dtimpone@bastamron.com;jmiranda@bastamron.com
- **Michael S Hoffman**   Mshoffman@hlalaw.com, hlaecf@gmail.com;kszolis@hlalaw.com;agarcia@hlalaw.com;mshoffman@ecf.courtdrive.com
- **Ralph Kenol**   rk@ralphkenolpa.com
- **Jason Klein**   rbalesjr@bsklawyers.com, jklein@bsklawyers.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**
**(Regular U.S. Mail)**

> **Miami Dade County Tax Collector (Windley)**
> 200 NW 2nd Avenue, Suite 430
> Miami, FL 33128
>
> **Mailen P. Palacin**
> 485 SW 198th Terrace
> Pembroke Pines, FL 33029

**EXHIBIT A**

I.  **DEFINITIONS**

As used in this Subpoena, the following terms and words shall have the following meanings:

1. "**Action**" refers to the proceedings pending before the Court styled *In re Estrategias en Valores, S.A.*, Case No. 17-16559-LMI, and *In re Tatiana Quintero Baiz*, Case No. 17-22193-LMI, jointly administered under Case No. 17-16559-LMI.

2. "**You**" or "**Your**" or "**StormHarbour**" shall mean StormHarbour Securities LP, and includes any employees, agents, associates, predecessors, successors, assigns, affiliates, representatives, subsidiaries or entity or person acting or purporting to act on Your behalf, or under Your authority or control.

3. "**Agent**" shall mean any agent, employee, officer, director, attorney, accountant, consultant, independent contractor, or any other person acting at the direction of, or on behalf of, another or person in question.

4. "**Affiliate**" shall mean (i) any person directly or indirectly controlling, controlled by or under common control with such person, (ii) any officer, director, manager, general partner, member or trustee of such person or (iii) any person who is an officer, director, manager, general partner, member or trustee of any person described in clauses (i) or (ii) of this sentence. For purposes of this definition, the terms "controlling," "controlled by" or "under common control with" shall mean the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities or interests, by contract or otherwise, or the power to elect at least 50% of the directors, managers, general partners, members or persons exercising similar authority with respect to such person.

5. "**Concerning**" shall mean referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, evidencing, describing, reflecting, analyzing or constituting.

6. "**Communications**" shall mean any oral, written, or electronic transmission of information, including, but not limited to, letters or correspondence, conversations, meetings,

discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, facsimile transmissions, electronic mail, notes, or memoranda.

7. "**Control**" shall mean in your possession, custody, under your direction, or available to you upon reasonable demand, and includes in the possession, custody, or available upon reasonable demand of those under the direction of you or your employees, subordinates, counsel, accountants, consultants, experts, parent or affiliated corporations, and any persons purporting to act on your behalf.

8. "**Date**" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon its relationship with other events).

9. "**Document**" shall mean any item within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, any written or graphic matter or other means of preserving thought or expression, all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, the following: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, text messages, social-media posts, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, financial records, bank records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, pleadings, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilms, videotapes, tape recordings, motion pictures or other films, or information maintained in any electronic medium (including, but not limited to, information found in computer hard drives, flash drives, USB drives, pocket drives, CDs, backup tapes, metadata, and PDFs).

10. "**Electronic Communication**" shall mean any information on operational systems, including without limitation, instant messages, text messages, cell phone data, WhatsApp Messages, and anything stored on computer or other electronic means located on or in smart phones, cell phones, ipads, or electronic devices of any kind.

11. "**Entity**," "**Entities**," "**Individual**," and "**Individuals**" refer to each of the following entities or individuals, including all employees, owners, members, associates, agents, assigns, successors, and partners of the Entities or Individuals:

- Estrategias en Valores S.A.;
- Estradinámicas S.A.S.;
- Estrategias en Liquidez;
- Técnicas Financieras S.A.;
- Guillermo Alberto Londoño Hoyos;
- César Fernando Mondragón Vásquez;
- Francisco Javier Sanint Robledo;
- Juan Carlos Bastidas Alemán;
- Rosalba Fonseca Melo;
- Rosalba Jhanet Monroy Cárdenas;
- Ruth Maritza Gaona Ochoa;
- Fernando Joya Rodriguez;
- Gelver Mauricio Ramírez Cabrera;
- Jhon Henry Padilla González;
- Angye Magola Ballesteros Cediel;
- Juan Carlos Gil Quintero;
- Ernesto Sierra Pira;
- Aida Angélica Gómez Escalante;
- Ana Rocío Vallejo Montufar;
- Nelson Fernel Chacón Baiz;
- July Dajhanna Boia Perilla;
- Miguel Eduardo Guzmán Castellanos;
- José Ignacio Alemán Cárdenas;
- Juan Agustín Vergara Alfonso;
- Edna Yolima Usgame Alarcón;
- Maryenny Smith Nossa Torres;
- Blances Ltda.;
- Bastidas PRO L & M S en C;
- PRO N & J S.A.S.;
- World Financial Strategies Corp. (Panama);
- Mortgage International Corporation S.A.;

- Estraval Panama S.A.;
- LFS Autoleasing, LLC;
- Latin Financial Strategies (US);
- Mailen Palacin;
- Julian Alfonso;
- Julian L. Alfonson;
- Tatiana Quintero Baiz;
- LFS Business Capital, LLC;
- Latin Financial Strategies, Inc.;
- Latin Financial Securities, Inc.;
- Otago Business Group, LLC;
- IQ Investment International Group, LLC;
- Mortgage Internacional Corporation S.A.;
- Gafital Internacional S.A.;
- Two Baiz USA LLC;
- Santiago Pardo;
- Nicole Mondragón;
- Ana M. Cabal;
- Yndira Meléndez;
- Esperanza Martínez;
- Luis E. Ortegon;
- Peninsula II Investment LLC;
- Harold Carvajal;
- María Andrea Reyes;
- Camilo Salas;
- Francisco Borrero;
- Colombian American Chamber of Commerce;
- Nelson Fernel Chacón Baíz;
- Logistic Alliance, Inc.;
- Del Sur Products, LLC;
- Yellowstone International Group, Inc.;
- Levy Carreira Properties, LLC;
- José Carreira;
- Riviera Point Business Center at Doral, LLC;
- Ety Shop, LLC;
- Miami Agora, LLC;

12. **"Held"** shall mean the ownership (legal or equitable), possession, management, maintenance, control, or right to, in, or of Property.

13. "**Identify**," when used in reference to a natural person or individual, shall mean to state: his or her full name; present or last-known residence address; all telephone numbers, including business, home, and cellular; present or last-known business address; and present or last-known work position, title, job description, and business affiliation.

14. "**Identify**," when used in reference to a person that is a business, juridical, or governmental entity or association, shall mean to state: its full name and present or last-known address; its present or last-known telephone numbers; the legal form of the entity or organization; and to identify the entity's officers in accordance with the immediately preceding Instruction.

15. "**Identify**," when used in reference to a document, shall mean to state: the name and address of the custodian of the document, the location of the documents, and a general description of the documents, including:

    (a) the type of document (that is, correspondence, memorandum, telex, etc.);
    (b) the general subject matter of the document;
    (c) the date of the document;
    (d) the author of the document;
    (e) the addressee of the document; and
    (f) the relationship between the author and the addressee.

16. "**Interest**" shall mean and include, but is not limited to, a sole or aggregation of rights, privileges, and powers to hold, possess, control, influence, exclude, or benefit from. It includes any legally recognized right conferred upon an owner, shareholder, director, partner, limited partner, or by any other interest, legal or equitable, which allows the holder to control or otherwise influence or benefit from an entity or real or personal property.

17. "**Including**" shall mean "including, but not limited to" so as to require the broadest possible inclusion.

18. "**Libranzas**" shall mean the primary unsecured consumer credit product In Colombia offering payroll·deductible loans that are repaid directly by the borrower's employer to the lender.

19. "**Person**" shall mean a natural person acting as an individual, a group of individuals acting in a collegial, business, or group capacity (e.g., as a board of directors or a committee), a

5

business, corporation, limited liability company, proprietorship, partnership, trust, association, or any other entity.

20. **"Pertaining to"** shall mean, directly or indirectly, refer to, mention, describe, relate to, evidence of, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

21. **"Property"** shall mean any past or present interest, claim in, or right to, any real or personal property including, without limitation, real estate, undeveloped land, tangible or intangible asset, deposit, loan, or credit line; or motor vehicles, recreational vehicles, trucks, motorcycles, boats, water vehicles, or other motorized vessels of any type, sports equipment, jewelry, artwork, paintings, collectibles, equipment, furniture, appliances, fixtures, musical instruments, or electronics.

22. **"Relating to"** or **"relate to"** shall mean, directly or indirectly, to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part and without limitation, or otherwise to be used, considered, or reviewed in any way in connection with the specified subject. Documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

23. **"Representative"** shall mean any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

24. The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

25. The words **"any,"** **"all"** and **"each"** shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

26. The use of the singular form of any word includes the plural and vice versa.

27. The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

## II.    INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and delivered to the office of undersigned counsel at Salazar Law on or before the date set for production.

2. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, You shall state so in writing.

3. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example: (a) documents created using Microsoft Word must be produced as .DOC or .DOCX files; (b) documents created using Microsoft Excel must be produced as .XLS or .XLSX files; and (c) emails must be produced in a form that readily supports import into standard email client programs, or the form of production should adhere to the conventions set out in the internet email standard; and ESI should be produced on appropriate electronic media of Your choosing that does not impose an undue burden or expense upon You. You should decrypt or provide passwords to any responsive ESI included in Your productions.

4. This Request calls for the production of all responsive documents in Your possession, custody or control, or in the possession, custody or control of Your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on Your behalf, without regard to the physical location of such documents.

5. In responding to this Request, include documents obtained on Your behalf by Your counsel, employees, agents, or any other persons acting on Your behalf. If Your response is that the documents are not within Your possession or custody, describe in detail the unsuccessful efforts You made to locate each such document. If your response is that documents are not under Your control, identify who has control and the location of the documents.

6. If any document was, but no longer is, in Your possession, subject to Your control, or in existence, include a statement:

    (a) identifying the document;
    (b) describing where the document is now;
    (c) identifying who has control of the document;
    (d) describing how the document became lost or destroyed or was transferred; and
    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

    (a) the ground of privilege or protection claimed;
    (b) every basis for the privilege or protection claimed;
    (c) the type of document;
    (d) its general subject matter;
    (e) the document's date; and
    (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, the Court's local rules, and the judge's practice procedures.

9. If You object to any document request on any ground other than privilege, You must specify:

    (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and
    (b) whether any responsive materials are being withheld on the basis of an objection.

10. To the extent that You assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

11. If there are no documents in response to any particular request, You shall state so in writing.

12. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

13. Requests for production should be read so as to encompass any and all items responsive to the request.

14. This Request is continuing and Your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

### III. RELEVANT TIME FRAME

1. The documents requested shall include and encompass all information from January 1, 2007, to the present, unless otherwise indicated below.

### IV. DOCUMENTS REQUESTED

1. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to Property in the name of one or more of the Entities or Individuals, whether held individually or beneficially for a third party.

2. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to financial accounts in the name of one or more of the Entities or Individuals, including, but not limited to, brokerage accounts, bank accounts, credit card accounts, business accounts, education accounts, trust accounts, or any account on which any of the Entities or Individuals has or had signatory authority or the authority to make any decision.

3. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to valuations or appraisals of any of the Entities or Property of the Entities or Individuals.

4. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to any of the members, managers, shareholders, or owners of any of the Entities.

5. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to any contracts or agreements between You and any of the Entities or Individuals.

6. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to a proposed or completed financial transaction between Estrategias en Valores, S.A., and You or Morgan Stanley, or both.

7. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to financial transactions (whether proposed, finalized, or consummated) between César Fernando Mondragón Vásquez and You or Morgan Stanley, or both.

8. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to the property located at 3301 Northeast 183rd Street, Unit 3007-3008, Miami, Florida 33160, including, but not limited to, mortgages, lines of credit, or home equity lines of credit.

9. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to the property located at 1500 NW 89th Court, Doral, Florida, Suite 222, including, but not limited to, mortgages, lines of credit, or home equity lines of credit.

10. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to the property located at 2020 Ponce de Leon Blvd., Unit 1102, Miami, Florida 33134, including but not limited to, mortgages, lines of credit, or home equity lines of credit.

11.     All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to any of the members, managers, shareholders, or owners of any of the Entities.

12.     All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to transactions between any of the Entities or Individuals and any of the following banks or financial institutions:

  (a) Wells Fargo Bank, N.A.;
  (b) Regions Bank, N.A.;
  (c) JPMorgan Chase Bank, N.A.;
  (d) Deutsche Bank A.G.;
  (e) Morgan Stanley & Co.;
  (f) Citibank;
  (g) TotalBank; and
  (h) Merrill Lynch.

13.     All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to work performed on behalf of any of the Entities or Individuals by any of the following law firms and companies:

  (a) Watchtell, Lipton, Rosen & Katz;
  (b) Law Office of Alberto Carrero, P.A.;
  (c) Florida TitleWorks, Inc.;
  (d) Luis Fernandez, P.A.;
  (e) Strock & Cohen, Zipper Law Group, P.A.;
  (f) Ralph Kenol & Associates, P.A.; and
  (g) Roig Lawyers.

14.     All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to any professionals (including, but not limited to, attorneys, accountants, bankers, brokers, consultants, investment advisors, trustees, or financial analysts) consulted by the Entities or the Individuals for services related to Property held by one or more of the Entities or Individuals.

15.     All Documents and Communications (including, without limitation, Electronic Communications) You received from any of the Entities or any persons acting or purporting to act on the Entities' behalf.

16. All Communications between You and the Entities or any persons acting or purporting to act on the Entities' behalf.

17. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to MJR Colombia Partners and involving or relating in any way to the Entities or Individuals.

18. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to Libranzas and involving or relating in any way to the Entities or Individuals.

19. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to "Libranzas as an Asset Class, a white paper on payroll deductible consumer loans in Colombia" authored by Steven Rosenblum.

20. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to due diligence conducted in connection with the retention or engagement of Steven Rosenblum.

21. All Documents and Communications (including, without limitation, Electronic Communications) pertaining to or relating to termination of the retention or engagement of Steven Rosenblum.

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re <u>Estrategias en Valores, S.A., *et. al.*</u>  　　Case No. <u>17-16559-BKC-LMI</u>
　　　　　　　　Debtor

　　　　　　　　　　　　　　　　　　　　　　　Chapter <u>　15　</u>

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **<u>StormHarbour Securities LP, c/o CT Corporation Systems, as Registered Agent, 111 Eighth Avenue, New York, NY 10011</u>**
　　　　　*(Name of person to whom the subpoena is directed)*

☒　*Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| **RIVERO MESTRE LLP**<br>**565 Fifth Avenue, 7th Floor**<br>**New York, NY 10017** | **July 12, 2018, at 10:00 a.m.** |

The examination will be recorded by this method: **<u>Stenographic and Video Recording</u>**

☒　*Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　　**See attached Exhibit A. Upon receipt of this Subpoena, please contact the undersigned attorney to coordinate delivery of the documents, electronically stored information, and other objects to satisfy your obligation to appear and give testimony.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>06/20/2018</u>

　　　　　CLERK OF COURT

　　　　　　　　　　　　　　OR

　　　　　　　　　　　　　　　　　/s/  Luis Salazar
　　　　　　　　　　　　　　　　　Fla Bar No. 147788; NY Bar Reg. No. 2574762
_____    _____
Signature of Clerk or Deputy Clerk   Attorney's signature

**The names, addresses, email addresses, and telephone numbers of the attorneys representing Luis Fernando Alvarado Ortiz, Foreign Representative who issues or requests this Subpoena, are below:**

**Luis Salazar and Celi S. Aguilar, SALAZAR LAW, 2000 Ponce de Leon Blvd., Penthouse, Coral Gables, FL 33134; Emails: luis@salazar.law; aguilar@salazar.law; Phone: (305) 374-4848; and**

**Andres Rivero, Charles Whorton, Kirk Villalon, and David DaPonte, RIVERO MESTRE LLP, 2525 Ponce de Leon Blvd., Suite 1000, Miami, FL 33134; Emails: arivero@riveromestre.com; cwhorton@riveromestre.com; kvillalon@riveromestre.com; ddaponte@riveromestre.com; Phone: (305) 445-2500**

**NOTICE TO THE PERSON WHO ISSUES OR REQUESTS THIS SUBPOENA**

If this Subpoena commands the production of documents, electronically stored information, or tangible things, or inspection of premises before trial, a notice and a copy of this Subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): _____
on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(Made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.