*Tagged Opinion*



**ORDERED in the Southern District of Florida on February 11, 2019.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re
ESTRATEGIAS EN VALORES, S.A.,
*et al.*,

TATIANA QUINTERO BAIZ,

        Debtors.

_____/

Chapter 15 Cases

Case No. 17-16559-BKC-LMI
 *(Lead Case)*

Case No. 17-22193-BKC-LMI
*Jointly Administered*

## MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO TERMINATE RECOGNITION OF COLOMBIAN PROCEEDING[1]

This matter came before the Court for trial on November 19 and 20, 2018 on Debtor Tatiana

Quintero Baiz's Motion to Terminate Recognition of Colombian Proceeding pursuant to 11 U.S.C.

---

[1] The Court read its ruling into the record on January 9, 2019. Subsequently, the Court determined that the issue presented in this case was novel and warranted a written opinion. This Memorandum Opinion is the Court's bench ruling, with some "clean up" and recitation of relevant facts, but there are no substantive changes from the oral ruling.

§305 (the "Motion to Terminate") (ECF #141). The Court has considered the evidence presented at trial on the Motion to Terminate, as well as argument of counsel, and for the reasons set forth below, the Motion to Terminate is DENIED.

### FACTS AND PROCEDURAL HISTORY

On August 31, 2016, the Colombia Superintendent of Companies began insolvency proceedings (the "Colombian Insolvency Proceedings") against Estrategias en Valores, S.A. ("Estraval"), its principals, Cesar Mondragon Vasquez, Juan Carlos Bastidas, and other directors and officers of Estraval. Dr. Luis Fernando Alvarado Ortiz (the "Foreign Administrator") sought recognition of the Colombian Insolvency Proceedings in the United States through a Chapter 15 Bankruptcy (Case Number 17-16559-BKC-LMI). The Court granted recognition on July 6, 2017 in its Order Granting Recognition of Colombian Proceeding as a Foreign Main Proceeding Under 11 U.S.C. §1517 and Granting Related Relief Under 11 U.S.C. §§1520 and 1521 (ECF #59) (the "Estraval Chapter 15").

On July 27, 2017, the Colombia Superintendent of Companies added Tatiana Quintero Baiz (the "Debtor"), as well as several other individuals, as an intervened debtor in the Colombian Insolvency Proceedings. On October 6, 2017, the Foreign Administrator filed a Petition for Recognition of Foreign Proceeding (ECF #1) (the "Petition for Recognition") (Case Number 17-22193-BKC-LMI) asking this Court to recognize the Debtor's Colombian insolvency action (the "Colombian Intervention Proceeding") as a foreign non-main proceeding, which recognition the Court granted in its Order Granting Recognition of Colombian Proceeding as a Foreign Non-Main Proceeding Under 11 U.S.C. §1517 (ECF #18) (the "Order of Recognition") dated December 18,

2017.[2] Counsel for the Debtor lodged an objection to recognition at the recognition hearing but conceded that, at the time, he had no evidence to present in support of the objection.

The Debtor filed the Motion to Terminate approximately five months after the Order for Recognition was entered. The Motion to Terminate seeks the following relief, all pursuant to 11 U.S.C. §305(a):

a. dismissal of the Order of Recognition;

b. a finding that the Colombian Intervention Proceeding as initiated against the Debtor is not a "foreign proceeding" as defined in section 101(23) of the Bankruptcy Code;

c. a finding and conclusion that the Order of Recognition is contrary to public policy pursuant to 11 U.S.C. §1506, because the Debtor was not given due process since, as a consequence of the recognition, the Debtor's real property in Florida will be seized, resulting in the loss of the Debtor's immigration status as a resident.  This would in turn require the Debtor to return to Colombia which would be a danger to the Debtor and to her children.

## LEGAL ANALYSIS

Pursuant to section 305(a), the Court <u>may</u> dismiss a chapter 15 case after it has been recognized if "the purposes of chapter 15 of this title would be best served by such dismissal or suspension."  11 U.S.C. §305(a)(2)(B).  However, the Motion to Terminate never articulates *why* the purposes of chapter 15 were not served by the recognition by this Court of the Colombian Intervention Proceeding as a foreign non-main proceeding.

---

[2] The Court entered an Order Jointly Administering Chapter 15 Cases (ECF #19") on December 27, 2017 and thereafter the Estraval Chapter 15 served as the lead case for both chapter 15 cases.  All references to the record from this point forward are docket items within the lead case.

The relief the Debtor actually appears to have sought in the Motion to Terminate is set forth in 11 U.S.C. §1517(d) which states that "[T]he provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist, but in considering such action the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition." Section 1517(d) is a purely discretionary provision.  For a modification or termination to occur, the Court must apply a two-part test.  The test is disjunctive -  there must be a showing that the grounds for granting recognition (1) were fully or partially lacking (this test looks backwards to the time of recognition) or (2) have ceased to exist (this test looks forward from the time of recognition).  "[T]he reviewing court that evaluates the presence or absence of either one of those prongs may consider new evidence and it is not limited to considering only the evidence that was or ought to have been available at the time the court granted recognition*." O'Sullivan v. Loy (In re Loy)*, 448 B.R. 420, 439 (E.D. Va. 2011).

As this case and issues therein evolved over several continuances and discovery battles, the ultimate disputed issues to be resolved at trial were identified by the Foreign Administrator and the Debtor in a Joint Pretrial Stipulation as follows:

    a.  Whether the judicial intervention proceeding in Colombia qualifies as a "foreign proceeding" as defined in section 101(23) subject to the Court's recognition pursuant to section 1517.

    b.  Whether the continued recognition of the Colombia Proceeding would be "manifestly contrary to public policy of the United States" such that the public policy exception under section 1506 should be applied.

    c.  Whether the Debtor is an "individual" as that term is used in section 1501(c).

    d.   Whether the Debtor is a "debtor" as that term is used in section 1502(1).

The Foreign Administrator moved for a directed verdict at trial, which the Court granted as to all the issues other than the third – that is, whether the Debtor is a debtor under 11 U.S.C. §1501(c).

The issue of whether the Debtor is a debtor under section 1501(c) is a two-fold inquiry. Section 1501(c) states that chapter 15

> does not apply to –
> (2) an individual, or to an individual and such individual's spouse, who have debts within the limits specified in section 109(e) and who are citizens of the United States or aliens lawfully admitted for permanent residence in the United States;. . .

11 U.S.C. 1501(c)(2).

The Court made a finding on the record during trial that the Debtor has proven that, at least for now, she has permanent residence in the United States.  Whether that will change shortly is not the Court's immediate concern and, based on the balance of the Court's finding, does not impact this ruling.

The Court took the second inquiry under advisement, that is, whether the claims of the Colombian government are contingent or unliquidated such that the Debtor "[has] debts within the limits specified in section 109(e)[3]."  The Foreign Administrator, Dr. Alvarado, testified that the Debtor is jointly and severally liable with all other intervened debtors in the Colombian case for a total of $220,000,000.  That being the case, the Foreign Administrator asserts, the Debtor's debts clearly exceed the statutory limits of section 109(e).

---

[3]Section 109(e) delineates the debt limits for Chapter 13 debtors.  "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title." 11 U.S.C. §109(e).

The Debtor argues that the claim of the Colombian government is contingent and unliquidated and therefore cannot be included in calculating the Debtor's debt limit under section 109(e).  First, the Debtor argues, the Foreign Administrator, in his original declaration in support of the Petition for Recognition (ECF #5), stated that "the Colombian government estimates that Estraval and its principals defrauded investors out of 600 Billion Colombian pesos ($220,000,000 US dollars) and its investigation into the fraud remains ongoing."  Thus, the Debtor argues, because the claim amount is *estimated*, the debt is still unliquidated and does not count.  Second, the Foreign Administrator testified that the ultimate amount of the debt will be reduced at such time as all assets that are subject to seizure and liquidation are, in fact, liquidated.  Thus, the Debtor argues, the claim is both contingent (if other sources of payment pay the obligation in full) and unliquidated because the ultimate claim will be or could be reduced.

As this Court wrote in *In re Perez,* 400 B.R. 879 (Bankr. S.D. Fla. 2008) regarding

11 U.S.C. §109(e)

> A debt will be included in the calculation for chapter 13 eligibility unless the underlying debt is contingent or unliquidated.  A debtor's dispute of a claim does not disqualify the claim from inclusion in the section 109(e) eligibility calculation. *U.S. v. Verdunn (In re Verdunn)*, 89 F.3d 799 (11th Cir. 1996). . . .

> A contingent claim is a claim that has not ripened pre-petition, that is, "[a] debt is non-contingent as long as the events that give rise to it occurred prior to the petition." *In re Farber*, 355 B.R. 362, 371 (Bankr. S.D. Fla. 2006) . . . .

> > An unliquidated claim is a debt in which the amount is uncertain. A liquidated debt is that which has been made certain as to amount due by agreement of the parties or by operation of law. Therefore, the concept of a liquidated debt relates to the amount of liability, not the existence of liability. If the amount of the debt is dependent, however, upon a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated.

> > *In re Verdunn*, 89 F.3d at 802 (internal citations omitted).

6

> [I]t is well-settled that whether a debt is "liquidated" turns on whether the amount is "readily determinable":
>
> .   .   .
>
> The amount of debt is readily determinable only if the process of determining the claim is fixed, certain, or otherwise determined by a specific standard.

*In re Adams*, 373 B.R. 116, 119-120 (10th Cir. B.A.P. 2007) (internal citations omitted). *See also In re McGovern*, 122 B.R. 712, 715 (Bankr. N.D. Ind. 1989) ("[A] claim is unliquidated when the finder of fact must rely upon its judgment to establish an appropriate amount to compensate for past and future injury.")

A debt arising from misappropriation of estate funds was liquidated because the amount of the debt could be easily calculated based on a special master's report. *In re Reader*, 274 B.R. 893 (Bankr. D. Colo. 2002). A debt arising from a personal representative's diversion of estate funds was liquidated because the missing amounts were "easily quantified" in an accountant's report, but the debt arising from tort claims was unliquidated because the calculation of damages were still subject to "a future exercise of discretion by the trier of fact." *In re Adams*, 373 B.R. at 122. *See also In re Knight*, 55 F.3d 231 (7th Cir. 1995) (amount of debt arising from unpaid traffic tickets was easily determined by referencing a demand letter sent to the debtor pre-petition).

*Perez, 400 B.R.* at 883-84.

The claim of the Colombian government in this case is neither contingent nor unliquidated. At trial, Dr. Alvarado testified that the amount due and owing was $220,000,000, that the number is now fixed. Dr. Alvarado also testified, without contradiction, that the value of the assets that are subject to liquidation will not satisfy the debt. As the Court observed when it ruled on the Debtor's public policy argument at trial, the Debtor appealed her intervention in the Colombian Intervention Proceeding in the Colombian courts in August of 2017, which the Colombian appellate body rejected in October of 2017, thus the Debtor's status as an intervened debtor has been finally determined. Moreover, because there will be some liability, based on Dr. Alvarado's unrebutted testimony that the value of the assets that will be liquidated will not be sufficient to pay the claim in full, the Debtor will ultimately have some obligation to pay. Thus, the claim of the Colombian government is not contingent.

The only remaining issue is whether the other sources of payment of the debt – liquidation of assets, collection from the primary debtors, collection from other intervened debtors – and the consequent uncertainty as to the actual amount that the Debtor may be ultimately required to pay, means the claim is unliquidated.  Do any of these factors render the amount owed by the Debtor to the Colombian government subject to the exercise of discretion by the trier of fact?  The answer is "no".

The Court looked to Florida law to determine the answer to this last question since the issue is the Debtor's qualifications to be a chapter 13 debtor, which eligibility is based on the Debtor's Florida residency (the Debtor has lived in Florida for several years).  Under Florida law, a collateral source of payment does not reduce the liability of a tortfeasor or contract debtor if there is joint and several liability.  *See*, *e.g.*, *In re General Coffee Corp.,* 85 B.R. 905 (Bankr. S.D. Fla. 1988)(stating "with certain statutory exceptions not applicable here, damages in neither tort nor contract actions may be diminished by a plaintiff's entitlement to or recovery of compensation for some or all of its damages from another source").  *See generally,* 17 Fla.Jur. 2nd, Damages §§31, 39.  The Foreign Administrator testified that all of the intervened debtors are jointly and severally liable for the debt to the Colombian government.   Because the Debtor's obligations to the Colombian government are fixed, and not in need of further calculation, other than with respect to other possible sources of recovery, the Colombian government's claim is liquidated, and therefore the Debtor could not qualify as a debtor under section 109(e).  Consequently, the Debtor cannot claim the section 1501(c)(2) exemption from Chapter 15 eligibility.

**CONCLUSION**

The Debtor never pursued dismissal under 11 U.S.C. §305(a); moreover, the Debtor certainly did not provide any proof that section 305(a) relief was appropriate.  Regarding relief under section 1517(d), the Court finds that the Debtor has not met her burden of proof to establish that the Petition for Recognition should not have been granted, or that there has been a change that would warrant termination of the recognition, and thus, even having exercised its discretion, and having considered the Motion to Terminate, the Court finds that it is not appropriate to either modify or terminate the recognition of the Debtor's foreign non-main proceeding, or to alter, amend, or vacate the prior Order of Recognition.

**<u>ORDERED</u>**

For the foregoing reasons, it is ordered as follows:

    1.    The Motion to Terminate is DENIED.

# # #

Copies provided to:
Luis Salazar, Esq.
James Miller, Esq.
Ralph Kenol, Esq.

*Attorney Salazar shall serve a copy of the signed order on all parties and file a certificate of service.*